IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDRICK DEWAYNE MOORE,**

      **Plaintiff,**

      v.                                  **CASE NO. 17-3070-SAC-DJW**

**ROD TAYLOR, JAKE COX, and
BRODAN GAEDE,**

      **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2017, the Court entered an Order (Doc. 8) finding that proper processing of Plaintiff's claims cannot be achieved without additional information from the officials responsible for the operation of the Thomas County Jail/Sheriff's Department. The Court directed the officials to file a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The *Martinez* report was filed on October 24, 2017. (Doc. 16.) This matter is before the Court on the following motions filed by Plaintiff on November 1, 2017: Motion for Order to Transport (Doc. 21); Motion for Subpoena (Doc. 22); Motion for Leave to Amend Complaint (Doc. 23); and Motion for Declaration for Entry of Default (Doc. 24). The Court denies Plaintiff's motions.

**1. Motion for Order to Transport**

Plaintiff's motion for order to transport requests transportation "with representation" to his court date "whenever that may be." Because Plaintiff's complaint has not survived screening, and there are no scheduled court dates, the motion is denied.

### 2. Motion for Subpoena

Plaintiff's motion requests statements from various individuals and seeks to have them appear whenever there is a hearing in this matter. Plaintiff also seeks to have the Thomas County Sheriff's Department "release the footage of the incident." The Court's previous Order directed the Thomas County officials to include in the *Martinez* report "[a]ny tapes of the incident underlying Plaintiff's claims." (Doc. 8, at 4.) The Order also provides that "[n]o answer or motion addressed to the Complaint shall be filed until the *Martinez* Report requested herein has been prepared and filed"; and "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report required herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f)." *Id.* Discovery is premature, as Defendants have not filed an answer or otherwise responded to the Complaint. Plaintiff's motion is denied.

### 3. Motion for Leave to Amend Complaint

Plaintiff's motion states that his original complaint misnamed Defendant Brandon Gaede as "Brodan Gaede," and misidentified Defendant Jake Cox as "sheriff/policeman" instead of "Deputy Sheriff for the Thomas County Sheriff's Department." Plaintiff also seeks to add Samantha Shepherd as a defendant, and to change a date in the factual allegations in his original complaint. The Court will direct the clerk to correct the name and title for Defendants Gaede and Cox. The Court denies Plaintiff's motion to amend the complaint. Although Plaintiff is entitled to amend the complaint once as a matter of right (*see* Fed. R. Civ. P. 15(a)(1)), he has not attached a proposed amended complaint as required by D. Kan. Rule 15.1(a). Plaintiff's motion is denied.

The Court notes that Plaintiff also filed a "Supplemental Complaint" on November 6, 2017.  (Doc. 26.)  Fed. R. Civ. P. 15(d) allows supplemental pleadings "on motion and reasonable notice" for "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Plaintiff's proposed supplement is largely illegible, but appears to recount the events set forth in his original complaint.

In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete Amended Complaint.  *See* Fed. R. Civ. P. 15.  An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

### 4.  Motion for Declaration for Entry of Default

Plaintiff seeks an entry of default because "more than 60 days have elapsed since the date on which the Defendant Sheriff Rod Taylor herein was served" and Defendant Taylor has "failed to answer."  Defendant Taylor has filed a response to the motion for entry of default (Doc. 25), noting that the Court's previous Order at Doc. 8 provides that the Defendants' answers are not due until 30 days following receipt of the *Martinez* report.  *See* Doc. 8, at 3.  Because the report was filed on October 24, 2017, the answers are not due until November 24, 2017.  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 21, 22, 23, and 24) are **denied**.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 8th day of November, 2017.**

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**