IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDRICK DEWAYNE MOORE, )
)
        Plaintiff, )
)
v. )
)   Case No. 17-3070
ROD TAYLOR, et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff Kendrick Dewayne Moore brings this case pro se, claiming that defendants Rod Taylor, Jake Cox, and Brodan Gaede violated his constitutional rights when plaintiff was housed in the Thomas County jail on April 25, 2015. Defendants Cox and Gaede ("Thomas County defendants") filed Thomas County Defendants' Motion for Summary Judgment (Doc. 29). Plaintiff also filed his own Motion for Summary Judgment (Doc. 40). In response to plaintiff's motion, defendant Taylor asked for summary judgment in his favor, as well. But defendant Taylor did not comply with this court's rules governing the filing of a dispositive motion in a case against a pro se plaintiff, and the court therefore construes his response as just that: a response to plaintiff's motion, and not a cross-motion for summary judgment.

**I.**    **Factual Background**

The following facts are taken from defendants' motion for summary judgment and their responses to plaintiff's motion for summary judgment, as plaintiff failed to properly controvert any of defendants' proposed facts or adequately support his own proposed facts. To the extent warranted, the court has also considered the facts proposed by plaintiff, but for the most part, they consist of unsupported allegations and conclusory statements.

-1-

Plaintiff was arrested on April 25, 2015 and booked into the Thomas County Jail. The jail is a small facility, with fifteen beds on one floor. It has one cell, called the "detox cell," that holds one detainee and may be used to provide a safe space for disruptive detainees.

After plaintiff was arrested, he began banging his head against the patrol car's window and refused to stop. He was placed in a group cell at the jail, but then began banging the cell's telephone against the wall. Sometime after 5:45 p.m., Defendant Gaede moved plaintiff to the detox cell. While there, plaintiff began yelling and banging against the door. The dispatcher eventually placed a system-wide call for officers to address the jail disturbance. Defendant Gaede then left the facility at 8:00 p.m., when his shift ended.

Plaintiff remained agitated and loud, and at 7:59 p.m., defendant Taylor stated that he planned to move plaintiff from the jail's main building to the "Lester" building, which is next to the jail's main building and serves as a garage and storage space. Defendant Taylor originally planned to use a suicide blanket, reinforced with duct tape, to restrain plaintiff for the move. He later changed his mind and had defendant Cox place plaintiff in handcuffs and a belly chain to take plaintiff to the Lester building. Presumably in connection with defendant Taylor's abandoned original plan to restrain plaintiff for the move, plaintiff claims that defendant Taylor threatened to hang plaintiff and duct tape him to a chair. Ultimately, defendant Taylor took neither of these actions.

Once in the Lester building, defendant Taylor sat in a chair and allowed plaintiff to pace freely (although still in handcuffs). Defendant Cox left to get plaintiff shoes that fit better, and placed an audio recording device in the building to record the interactions between plaintiff and defendant Taylor. Neither defendant Taylor nor plaintiff knew about the recording device. The audio recording contains no threats by defendant Taylor against plaintiff. It does, however, contain over an hour of

-2-

offensive and abusive language by plaintiff toward defendant Taylor.  Neither of the Thomas County defendants ever heard defendant Taylor threaten plaintiff.

Defendant Cox returned to the Lester building periodically throughout the evening.  Around 9:15 or 9:30 p.m., he moved plaintiff's handcuffs from his back to his front so plaintiff could lie down on a mattress.  About 10:20 p.m., defendant Cox helped escort plaintiff back to the detox call.  Plaintiff did not sustain any injuries during the night, and did not submit any medical requests or grievances related to the incident.  Plaintiff was returned to a group cell the following day.

## II.     Legal Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Where, as here, the plaintiff proceeds pro se, the court construes the pro se filings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)).  On the other hand, a plaintiff's pro se status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).  As noted previously, plaintiff's response includes little support for his allegations (other than that evidence already provided by defendants), and the court therefore evaluates the merits of defendants' motion based solely on the evidence presented by defendants.  Although plaintiff filed affidavits in the record, he did not file them with his summary judgment motion or his response, and he did not reference them

in either document. The court therefore has not considered Docs. 36 or 37 in ruling on the pending motions.

**III.   Discussion**

    **A.  The Thomas County Defendants' Motion for Summary Judgment**

        **1.   The Prison Litigation Reform Act**

Defendants first argue that plaintiff's claim is barred by the Prison Litigation Reform Act ("PLRA") because plaintiff has not alleged any physical injury related to his claim. 42 U.S.C. § 1997e(e) provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ."

Defendants are partially correct: plaintiff has not alleged a physical injury. But this only precludes recovery for compensatory damages. Under Tenth Circuit law, the statute does not preclude recovery for nominal or punitive damages. *Searles v. Van Bebber*, 251 F.3d 869, 878–79 (10th Cir. 2001); *see also Baughman v. Saffle*, 24 F. App'x 845, 848 n.2 (10th Cir. Oct. 17, 2001). Plaintiff seeks punitive damages. The PLRA does not, therefore, provide a basis for granting summary judgment on plaintiff's claim in its entirety. Defendants are only entitled to summary judgment on plaintiff's request for compensatory damages under the PLRA.

        **2.   Qualified Immunity**

Defendants next argue that they are entitled to qualified immunity. Qualified immunity protects government officials from individual liability under § 1983 unless their conduct "violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1250 (D. Kan. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (noting that

qualified immunity analysis is identical under 42 U.S.C. § 1983 and *Bivens*).  When a defendant raises qualified immunity, the plaintiff must show that (1) the defendant's actions violated a constitutional or statutory right and (2) the right violated was clearly established at the time of the conduct in issue. *Schroeder*, 311 F. Supp. 2d at 1250.  At this point, the burden is on the plaintiff.  *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000).

The court may consider either prong of the qualified immunity test first.  *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, the court first decides whether plaintiff has alleged a deprivation of a constitutional right.  *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004).

Individual liability under § 1983 must be based on personal involvement.  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  "[P]ersonal participation in the specific constitutional violation complained of is essential."  *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (citation omitted). A plaintiff must allege more than that a defendant was a supervisor or in charge at the jail.  A defendant cannot be held liable for money damages in a civil rights action based solely upon his or her supervisory capacity under the theory of respondeat superior.  *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).  The defendant must be actually involved in the constitutional violation.

Plaintiff fails to state a constitutional violation.  He references the Eighth Amendment, but the court construes plaintiff's claim as one under the Fourteenth Amendment because he was a pretrial detainee at the time.  *See Kingsley v. Hiendrickson*, 135 S. Ct. 2466, 2475 (2015).  Plaintiff alleges that defendant Taylor threatened him.  He does not, however, allege that either of the Thomas County defendants personally participated in the threat.  He only claims that defendant Cox was present at times, and that defendant Taylor told defendant Gaede to handcuff plaintiff.  Plaintiff's complaint

-5-

against both Thomas County defendants appears to be that they left him alone with defendant Taylor. The evidence shows that the only physical contact the Thomas County defendants had with plaintiff was to handcuff plaintiff and transport him.

In plaintiff's response to defendants' motion, he attempts to add more allegations of unconstitutional conduct—including failing to transfer plaintiff to another facility; placing plaintiff in unsanitary or unsafe conditions; and perhaps using excessive force in handcuffing plaintiff. But plaintiff cannot amend a complaint through summary judgment briefing. *Deghand v. Wal-Mart Stores. Inc.*, 926 F. Supp. 1002, 1015 (D. Kan. 1996). And even if the court were to construe plaintiff's handcuffing claim liberally as one properly raised by plaintiff in his complaint, it would fail. The mere use of handcuffs, without more, does not constitute excessive force. *Cortez v. McCauley*, 478 F.3d 1108, 1129 & n.5 (10th Cir. 2007). There are no allegations that the handcuffs were too tight, that defendants were unreasonably rough in transporting plaintiff, or that they harmed him in another manner.

In plaintiff's response memorandum, plaintiff also appears to characterize defendant Cox as a supervisor, suggesting that defendant Cox is liable in his official capacity for the actions of others. Plaintiff has not made an official capacity claim in this case. He has not identified a jail policy that violated his constitutional rights. And he has not alleged an "affirmative link" between the actions of defendant Cox and any clearly established constitutional violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (holding that a supervisor is not liable under § 1983 unless an "affirmative link" exists between the constitutional deprivation and the supervisor's personal participation). Plaintiff's new allegations in his summary judgment response are insufficient to create a claim against the Thomas County defendants. The Thomas County defendants are entitled to qualified immunity, and the court grants their motion for summary judgment.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff's motion appears to be targeted only at defendant Taylor. In any event, even if it were not, it would now be moot in light of the court's rulings above. But plaintiff has not met his burden of showing he is entitled to summary judgment against defendant Taylor.

Plaintiff claims that defendant Taylor violated his constitutional rights by saying that he was going to hang plaintiff and duct tape plaintiff to a chair. Plaintiff also claims that placing plaintiff in the Lester building for several hours violated his constitutional rights. Again, although the complaint does not mention unsanitary and dangerous conditions, plaintiff attempts to state such a claim in his motion. And plaintiff states that defendant Taylor used excessive force to move plaintiff from the jail to the Lester building. Plaintiff characterizes the event as defendant Taylor kidnapping plaintiff and holding him hostage. He further claims that defendant Taylor created a policy or practice by taking plaintiff to the Lester building.

Plaintiff has failed to meet his burden of showing that he is entitled to judgment as a matter of law. Specifically, plaintiff has failed to establish that the uncontroverted facts show that defendant Taylor subjected plaintiff to excessive force or unlawful confinement. Even if the court accepts that defendant Taylor threatened plaintiff, mere threats are insufficient to constitute excessive force. *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (threatening to mace an inmate was insufficient to state an Eighth Amendment claim); *Swodoba v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (threatening to kill an inmate insufficient); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (threatening to hang an inmate insufficient). Verbal abuse or harassment, absent more, is not a constitutional violation. *Geddes v. Cox*, 880 F. Supp. 767, 769–70 (D. Kan. 1995). And, as noted above, handcuffing plaintiff is insufficient to state claim, so it cannot provide a basis for granting summary judgment to plaintiff.

-8-

Defendant Taylor may ultimately be entitled to summary judgment on plaintiff's claim against him. But, as noted above, defendant Taylor did not properly move for summary judgment in his own favor. Particularly because of plaintiff's pro se status, the court will not consider at this time whether summary judgment in favor of defendant Taylor is warranted.

**IT IS THEREFORE ORDERED** that the Thomas County Defendants' Motion for Summary Judgment (Doc. 29) is granted. Defendants Cox and Gaede are terminated as parties in this case.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 40) is denied.

Dated this 1st day of May, 2018, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**