# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDRICK DEWAYNE MOORE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)   Case No. 17-3070-CM-TJJ |
| ROD TAYLOR, et al., | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff Kendrick Dewayne Moore brings this § 1983 action, claiming that defendant Rod Taylor violated his constitutional rights when plaintiff was housed in the Thomas County jail on April 25, 2015. Specifically, plaintiff claims that defendant Taylor threatened to restrain him with duct tape and hang him, and wanted plaintiff to fall asleep so he could kill him. Plaintiff claims that these facts (and others) show excessive force. Plaintiff also argues that defendant Taylor violated his rights by moving him from the jail to the Lester building, which is next to the jail's main building and serves as a garage and storage space.

The court previously dismissed the two other defendants from this case. Defendant Taylor filed a motion for summary judgment (Doc. 58). In that motion, defendant Taylor argues that plaintiff cannot show excessive force because mere threats are insufficient to constitute a constitutional violation. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (threatening to mace an inmate was insufficient to state an Eighth Amendment claim); *Swodoba v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (threatening to kill an inmate insufficient); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (threatening to hang an inmate insufficient). Defendant further argues that plaintiff's detention in the Lester building did not endanger plaintiff's health or safety.

-1-

Although plaintiff initially proceeded pro se, the court appointed counsel for the limited purpose of advising and assisting plaintiff in preparing and filing a response to defendant's summary judgment motion. The court also stayed discovery pending a ruling on defendant's summary judgment motion. Although discovery has been stayed, a *Martinez* report is in the record, as well as several affidavits and declarations by plaintiff and others who were present at different times during the relevant events. One of the declarations is signed by Marc Finley, who is the former Undersheriff of Thomas County and wrote a letter in September 2015 detailing a number of defendant Taylor's alleged acts that Finley believed show violations of individuals' rights and "put them in a position of fear for their safety." (Doc. 65, at 65.) But some of the evidence submitted by plaintiff is inadmissible in its present form. The content suggests that the evidence may be available in admissible form, but plaintiff has not yet obtained it in admissible form. This evidence relates not only to the details of what happened on April 25, 2015, but also bears on whether defendant Taylor's threats were merely idle threats that do not rise to a constitutional violation, or whether his words and actions constituted an imminent threat of serious harm. *See Purkey v. Green*, 28 F. App'x 736, 745 (10th Cir. 2001) ("While an 'idle threat' of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim, an imminent threat of serious harm, even though injury never actually occurs, will suffice."); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) ("Courts nevertheless have recognized that convicted prisoners have a constitutional 'right to be free from the terror of instant and unexpected death' at the hands of their keepers.") (citation omitted).

Plaintiff asks the court either to deny summary judgment on its merits, or to deny or stay the motion pursuant to Fed. R. Civ. P. 56(d). Under Rule 56(d), the court may stay or deny a motion for summary judgment to allow further discovery if the nonmovant states by affidavit that he needs additional time to develop evidence to oppose the motion. *Price v. W. Res., Inc.*, 232 F.3d 779, 783

(10th Cir. 2000) (applying, as several other cases cited in this order, the former version of Rule 56(d)—Rule 56(f)). The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court. *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993). But the nonmovant must satisfy several requirements to gain Rule 56(d) relief. By affidavit, he must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts. *Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)); *see also F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (citation omitted).

In this case, plaintiff's attorney filed a Rule 56(d) affidavit. Appointed counsel explained that he had not been able to obtain evidence on all facts precluding summary judgment because discovery has been stayed. The court further notes that counsel was only recently appointed, and appointed for only a limited scope. Counsel also listed information currently unavailable to him and stated that he believes the witnesses identified may have information about pertinent material facts, including the following:

> (a) that Moore had calmed down while others were present and before he was left alone with Taylor in the shed; (b) that additional evidence should or might be available supporting Finley's belief that Taylor destroyed evidence; (c) details about who was or was not present in the shed at specific times when Moore has stated in Affidavits and his Declaration that Taylor threatened to "hang his black ass" and had access to various tools and rope which led to Taylor's fear of immediate death.

(Doc. 65, at 76.) Counsel indicates that he has undertaken some independent research and obtained a few declarations and statements, but that "[t]raditional discovery such as depositions pursuant to subpoena appear to be required to track down [the other relevant evidence]." (*Id.* at 75.) Counsel also suggests that he will be able to controvert facts regarding whether a reasonable person would have believed he faced imminent danger and threats to his life with discovery because public information

-3-

reflects a recall petition against defendant Taylor, and Finley's declaration details a number of incidents of violence and threats by Taylor against prisoners and others.

Counsel's affidavit is sufficient to indicate that conducting at least some discovery may reveal facts pertinent to the incident at issue—beyond those facts presented by the *Martinez* report. The court is also persuaded that discovery will allow appointed counsel an opportunity to develop relevant evidence in admissible form. As noted above, counsel attached what he has been able to obtain so far, but because the parties have not engaged in discovery, much of that evidence is hearsay or inadmissible for other reasons. The content of the documents suggests, however, that through discovery, counsel may be able to obtain relevant information in admissible form.

After consideration of the circumstances and facts in this case, the court decides that it is appropriate to deny defendant's motion for summary judgment without prejudice. After depositions are taken, it appears likely that both parties will have additional evidence to support their positions. The court believes that the most efficient course of action is to deny the motion for summary judgment now, without ruling on the merits.

The court recognizes that counsel was appointed only for the limited purpose of advising and assisting plaintiff in preparing and filing a response to defendant's summary judgment motion. Because discovery is necessary to be able to submit a full response to defendant Taylor's motion, the scope of counsel's representation may need to be expanded to allow for discovery. The court therefore directs counsel for both parties to contact the magistrate judge within ten days to set up a phone conference to address the scope of counsel's representation and how to proceed with discovery.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. 58) is denied without prejudice and without considering the merits.

**IT IS FURTHER ORDERED** that counsel should contact Judge James's chambers within ten days to set up a phone conference to address the scope of counsel's representation and how to proceed with discovery.

Dated this 6th day of December, 2018, at Kansas City, Kansas.

>     **s/ Carlos Murguia**
>     **CARLOS MURGUIA**
>     **United States District Judge**